1

2

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTOLIN ANDREWS,

11              Petitioner,              No. CIV S-05-1549 FCD DAD P

12        vs.

13   TOM L. CAREY, Warden, et al.,       ORDER AND

14              Respondents.             FINDINGS AND RECOMMENDATIONS

15   _____/

16        Petitioner is a former California state prisoner now residing in Tacoma,

17   Washington.  Petitioner's pro se petition for writ of habeas corpus and application to proceed in

18   forma pauperis are before the court for screening.

19        Petitioner indicates that he is not attacking a conviction, a sentence, prison

20   discipline issues, or a parole problem.  (Pet. at 2.)  Petitioner states that his petition concerns

21   "Restitution Ordered by Court and abused by the Respondents."  (Id.)  Petitioner alleges facts

22   concerning a 1999 Los Angeles County conviction for grand theft but sets forth two claims that

23   are unrelated to that conviction and the sentence that was imposed for it on August 1, 2000.  (Id.

24   at 2 & 5.)  The claims are as follows:  (1) the California Department of Corrections has violated

25   petitioner's rights under the Fifth Amendment by taking money for state purposes without due

26   process and without authority and (2) the Superior Court of California denied petitioner due

1

1 process when it failed to hear his claim after he demonstrated that the institution where he was

2 confined had prevented him from exhausting administrative remedies.  (Id. at 5.)

3    Petitioner alleges the following facts concerning his claims:  in 1996 he was

4 imprisoned on a previous conviction for which he was ordered to pay $200 in restitution; he later

5 "discharged the case and parole"; he was arrested and convicted in 1999 in Los Angeles and was

6 ordered to pay another $200 in restitution; when he arrived at California State Prison, Solano, he

7 was told that "their policy was to take money by going back into old cases to take money where

8 they did not have the jurisdiction to do so."  Petitioner contends that once a prisoner has

9 completed parole and his criminal case has been discharged, the CDC no longer has authority

10 over the discharged case and cannot collect any unpaid restitution ordered by the court in that

11 case.

12    A federal court may not entertain a petition for writ of habeas corpus brought by a

13 person in custody pursuant to the judgment of a state court unless the petition has been brought

14 "on the ground that he is in custody in violation of the Constitution or laws or treaties of the

15 United States."  28 U.S.C. § 2254(a).  Federal habeas relief is available only for challenges to the

16 duration or legality of a prisoner's confinement.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

17 A state prisoner who seeks to challenge matters unrelated to the duration or legality of his

18 confinement may not present them in a federal proceeding brought pursuant to 28 U.S.C. § 2254.

19 See United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir.1999) (interpreting 28 U.S.C. § 2255

20 and finding relief available only to defendants who are in custody and claiming the right to be

21 released and not to those solely challenging a restitution order).

22    The petition filed in this case does not state a basis for federal habeas corpus relief

23 and should be summarily dismissed without prejudice to the filing of an appropriate action in a

24 state or federal court.  See Rule 4, Fed. R. Governing § 2254 Cases ("If it plainly appears from

25 the face of the petition and any exhibits attached to it that the petitioner is not entitled to relief in

26 the district court, the judge shall make an order for its summary dismissal . . . .").  Under these

1  circumstances, petitioner's application to proceed with this action in forma pauperis will be

2  denied.

3           Accordingly, IT IS HEREBY ORDERED that petitioner's August 3, 2005

4  application to proceed in forma pauperis is denied; and

5           IT IS RECOMMENDED that this action be dismissed without prejudice.

6           These findings and recommendations are submitted to the United States District

7  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days

8  after being served with these findings and recommendations, petitioner may file written

9  objections with the court.  A document containing objections should be titled "Objections to

10 Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file

11 objections within the specified time may, under certain circumstances, waive the right to appeal

12 the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13 DATED: August 22, 2006.

14

15                                    _____

16                                    DALE A. DROZD
                                      UNITED STATES MAGISTRATE JUDGE
17 DAD:13
   andr1549.156
18

19

20

21

22

23

24

25

26

                                          3